# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES MARVIN COX, III, | ) | |
| Movant, | ) ) | |
| v. | ) ) | Case No. CV407-143 |
| UNITED STATES OF AMERICA, | ) ) | (CR405-009) |
| Respondent. | ) ) | |

## **REPORT AND RECOMMENDATION**

Following his 2005 conviction for gun/drug-based offenses, James Marvin Cox unsuccessfully appealed, *United States v. Cox*, 188 F. App'x 889 (11th Cir. 2006), and now moves the Court for 28 U.S.C. § 2255 relief over the government's opposition. Docs. 1, 9.[1] He complains that his trial counsel was ineffective. He also raises a Sentencing Guidelines issue that, following an interim Order by this Court, doc. 6; *Cox v. United States*, 2008 WL 4889683 (S.D.Ga. Nov. 12, 2008) (unpublished), has been fully briefed. The Court will reach the Guidelines issue first.

## I. **BACKGROUND**

Cox was indicted for aiding and abetting Timothy Shawn Yancey in the making of false statements to purchase a firearm, in violation of 18

---

[1] Unless otherwise noted, all citations are to the 407CV143, "§ 2255" record.

U.S.C. § 922(a)(6) (Count 1), and for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 2). A jury convicted him on both counts, and this was affirmed on appeal. *Cox*, 188 F. App'x at 889.

The core issue here traces back to before the trial, when the government advised the Court that it planned to introduce evidence that was found in Cox's bedroom: 55 grams of marijuana, plastic baggies, digital scales, and $6,225 in cash. The government sought to show that Cox possessed the firearm underlying the indictment not as the result of a mistake or accident, but as a drug dealer who wanted it for protection. *Id.* at 890. Alternatively, the government asserted the evidence was "inextricably intertwined" with Cox's gun possession. *Id.* at 891.

The government thus sought a sentence enhancement for possession of a firearm "in connection with another felony offense," *i.e.*, "at the time of Cox's arrest for possession of marijuana with intent to distribute on January 7, 2005, the firearm he purchased was hidden in the attic of his home. [He thus] possessed the firearm in connection with the marijuana." Presentence Investigation Report ("PSI")

2

Addendum at 1; s*ee also* USSG § 2K2.1(b)(5) (Nov. 2005); *United States v. Decelles*, 282 F. App'x 613, 614 (9th Cir. 2008).

The district judge ruled that the evidence was admissible because it was relevant to support the government's theory that Cox obtained the gun for his own protection, particularly in light of the amount of cash that was found in his bedroom. *Cox*, 188 F. App'x at 889. The probative value of the evidence, he ruled, substantially outweighed any danger of unfair prejudice. *Id.* at 891.

At trial, a police witness testified about finding, *inter alia*, $6,225 in cash and 55 grams of marijuana in Cox's bedroom. *Id.* Other evidence showed that after his arrest Cox attempted to persuade Yancey to remove the gun that Cox had illegally acquired and had hidden inside of Cox's house. *Id.* at 891-92. Following the jury's guilty verdict, Cox proceeded to sentencing. The PSI recommended a base offense level of 20, pursuant to U.S.S.G. § 2K2.1, and a 2-level increase for obstruction of justice, under U.S.S.G. § 3C.1.1, based on Cox's post-arrest attempts to have Yancey and others help him remove the firearm from his residence. With a total offense level of 22 and a criminal history

category IV, Cox faced a Guidelines range of 63 to 78 months' imprisonment. *Cox*, 188 F. App'x at 893; PSI at 14.

At the sentencing hearing, the government objected to the PSI's failure to include an enhancement for possession of a firearm in connection with another felony, pursuant to U.S.S.G. § 2K2.1(b)(5). Cox, argued the government, possessed the firearm in connection with another felony offense (drug trafficking). CR405-009, doc. 68 at 4-5 (arguing that the court need look only to "whether or not the firearm was acquired in connection to the offense of drug trafficking."); *see also id.* at 7 ("the evidence that is before Your Honor is that he was engaged in drug trafficking, and that he wanted the weapon for protection").

Cox insisted that there was no evidence that he used the gun in connection with another felony, that he sold drugs, or that the gun was ever in the same room with the drugs. *Id.* at 9. Thus, he claimed, there was an insufficient factual basis for the sentencing judge to find that he possessed the gun in connection with another felony offense (i.e., his possession of marijuana with intent to distribute). *Id.* at 9-10. The probation officer opposed enhancement because "we could not show . . . by a preponderance of the evidence that the drugs were in the residence

4

at the same time [as] the firearm, because we didn't know where the firearm was." *Id.* at 20; *see also id.* at 25 (defense arguing that "[t]he nexus is too thin. And the consequences are very significant").

Calling the issue a close question, *id.* at 17, the district judge found by a preponderance of the evidence that Cox purchased the gun to protect himself while dealing drugs, and that the gun and marijuana were present in his house at the same time because he told his mother to dispose of the gun at a time when the drugs, paraphernalia, and cash were under his bed. *Id.* at 61; *Cox*, 188 F. App'x at 893. Accordingly, the judge applied the 4-level enhancement under U.S.S.G. § 2K2.1(b)(5). With an adjusted offense level of 26 and a criminal history category IV, the Guidelines sentencing range was 92 to 115 months' imprisonment. After acknowledging that the sentencing guidelines were advisory, the judge sentenced Cox to 60 months' imprisonment as to Count 1 and 95 months as to Count 2, to be served concurrently. *Cox*, 188 F. App'x at 893; CR405-009, doc. 53.

> Affirming, the appeals court concluded that
>
>> the district court did not clearly err by finding that Cox committed another felony offense for which he was not charged, namely possession of marijuana with the intent to

5

distribute it. Cox kept marijuana, a digital scale, baggies, and more than $6,000 in cash in his bedroom, and his codefendant, Yancey, testified that Cox provided him with marijuana. Moreover, Cox's girlfriend and his best friend both testified that Cox did not use marijuana, thus undermining his claim that the marijuana was for personal use. Finally, due to the close connection between drugs and firearms, the district court properly could have concluded that Cox's possession of the gun in the house in which he also possessed the marijuana was not a mere coincidence that was unrelated to the underlying felony, but, rather, that he possessed the firearm in relation to his drug possession. Accordingly, the court did not clearly err in its factual findings relating to the gun and drug evidence, nor did the court commit legal error in applying the offense level enhancement under § 2K2.1(b)(5).

*Id.* at 895.

## II. ANALYSIS

In his third § 2255 ground here, Cox challenges the application of the four-level sentence enhancement for possession of a firearm in connection with another felony offense (his possession of marijuana with intent to distribute). Doc. 1 at 15-23. Thus, he seeks to re-litigate the same issue reached on the merits by the trial and appellate courts.

To that end, Cox argues that a clarifying Sentencing Guidelines amendment enacted subsequent to his direct appeal requires this Court to reconsider his sentence. *Id.* The sentencing judge, he insists,

interpreted the phrase "in connection with" too broadly so that it embraced his situation, where the firearm was allegedly hidden in his home's attic while he possessed it.

At the time of Cox's sentencing (August 22, 2005), this broad interpretation was well established in the Eleventh Circuit but conflicted with the interpretation applied by other circuits requiring "more than mere use or possession," and that the firearm in fact serve a purpose *related* to the crime. Doc. 6 at 2 (citing *United States v. Young*, 115 F.3d 834, 838 (11th Cir. 1997)).

Cox is correct about the Sentencing Guidelines amendment. The Sentencing Guidelines Manual USSG § 2K2.1(b)(5) was revised in 2006 to reflect that USSG §2K2.1(b)(6) applies only in cases where the firearm or ammunition "facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." Supplement to Appendix C—Amendments to the Guidelines Manual 170 (November 1, 2006) (hereafter, "Amendment 691"). That is substantively different

from merely showing that the defendant "possessed the firearm in relation to his drug possession." *Cox*, 188 F. App'x at 895.[2]

Super-illuminating that, Cox argues that he is entitled to relief because the sentencing judge and the Eleventh Circuit applied an interpretation of the enhancement that has since been explicitly rejected by the Guidelines commentary. But he is using § *2255* to seek a modification of his sentence on those grounds, and the misapplication of a sentencing guideline at most is a "nonconstitutional claim."

Cox thus must first show that a complete miscarriage of justice would result if his sentence were not re-assessed in light of the amendment. *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998); doc. 6 at 4-5; *see also* POSTCONVICTION REMEDIES § 7:24 (*Federal motion to vacate sentence--Nonconstitutional claims*) (2009) ("A defendant's claim that the sentence imposed on his conviction is contrary to a post-sentencing clarifying amendment to the sentencing guidelines is a nonconstitutional issue that does not provide a basis for

---

[2] "In drafting Application Note 14(B), the Sentencing Commission adopted language from *Smith v. United States*, 508 U.S. 223, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) (regarding 18 U.S.C. § 924(c)(1)), so 'that the provisions apply if the firearm facilitated or had the potential of facilitating, another felony offense or another offense, respectively.' U.S.S.G. supp. app. C, amend. 691 ('Reason for Amendment')." *United States v. Morris,* 562 F.3d 1131, 1136 n. 4 (10th Cir. 2009).

8

collateral relief in the absence of a complete miscarriage of justice."). The government insists that Cox cannot meet that showing because cases like *United States v. Young*, 261 F. App'x 237 (11th Cir. 2008), which apply Amendment 691, show that there has been no substantive change in the law applicable here (i.e., it is still applied loosely enough to encompass conduct like Cox's). Doc. 9 at 5-7.

In two response briefs Cox contends otherwise. *See* doc. 10 at 2 at 2 (contending that he was assessed a four-level enhancement based upon conduct that is outside the scope of Amendment 691 and this error resulted in an additional 17-32 months in his sentence based upon conduct that is contrary to the amended guideline); doc. 11 at 1-2 ("This error resulted in [Cox] being imprisoned for conduct that is outside the scope of former 2K2.1(b)(5). Without the firearm enhancement, [Cox's] maximum sentencing range was 78 months; the sentencing judge conceded that the firearm enhancement was a close question, and so if the same judge reconsidered in light of the amendment "he would reassess his close call on the enhancement and rightfully correct [Cox's] sentence." The judge likely would resentence him "at a level 22

guideline range (63 to 78 months) . . . [and] would also sentence [Cox] at the low end of the guideline range.").

All of this, of course, breaks down if the clarifying amendment was not meant to be retroactive (i.e., if it could not otherwise be heard because it is not retroactive, then by definition no miscarriage of justice can now be shown). This can be seen where another § 2255 movant sought similar relief (i.e., relitigation of a claim under § 2255 based upon a Guidelines amendment) under another Guidelines section:

> Finally, to the extent defendant argues . . . that Amendment 709 to the sentencing guidelines has amended the way prior sentences are counted for purposes of the [Armed Career Criminal Act], he is not entitled to relief. This amendment has no bearing upon his case as it is not retroactive. See U.S.S.G. § 1B1.10(c). To the extent that defendant argues it is a "clarifying" amendment that can be applied retroactively, this argument has been rejected by the Eleventh Circuit. *United States v. Abusaid*, 295 Fed.Appx. 362 (11th Cir.2008) (citing *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir.2003); see also *United States v. Kliffmueller*, 2009 WL 1158696 (5th Cir.2009) (except on direct appeal, a clarifying amendment not listed in U.S.S.G. § 1B1.10(c) is not to be retroactively applied) (citing *United States v. Drath*, 89 F.3d 216, 217-218 (5th Cir.1996)); *United States v. Ahrendt*, 560 F.3d 69, 79 (1st Cir.2009) (Amendment 709 is substantive, rather than clarifying, and not intended to be applied retroactively).

*United States v. Smith*, 2009 WL 1585903 at * 7 (N.D.Fla. June 4, 2009) (unpublished).

Similarly, Amendment 691 was not listed by the U.S. Sentencing Commission as retroactive, was not declared by the Commission to be clarifying, and thus is not retroactive.[3] *Decelles*, 282 F. App'x at 614; *see also* U.S.S.G. § 1B1.10(c) (not including 691 among the Guidelines amendments given retroactive effect). Therefore, Cox cannot meet *Burke's* "complete miscarriage of justice" standard. As noted above, the Eleventh Circuit reached this claim on the merits on appeal. So unpacking and recasting it by arguing "factual innocence" (i.e., "there

---

[3] One courts explains the difference between a

> clarifying amendment rather than a substantive amendment. The distinction is critical because substantive amendments to the guidelines may be challenged pursuant to 18 U.S.C. § 3582(c)(2) which authorizes the court to modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In contrast, clarifying amendments, i.e., an amendment that "changes nothing concerning the legal effect of the guidelines, but merely clarifies what the Commission deems the guidelines to have already meant," *United States v. Capers*, 61 F.3d 1100, 1109 (4th Cir.1995), may be redressable in a proceeding pursuant to 28 U.S.C § 2255 where the question is whether the court properly applied a guideline provision.

*United States v. Snyder*, 2008 WL 370663 at *3 (N.D.Ind. Feb 11, 2008) (unpublished).

was no evidence or testimony that the firearm was possessed at the site of a drug trafficking offense in order to facilitate or potentially facilitate that offense," doc. 10 at 15-16), will not suffice, as that is just another way of getting the Court to reach the claim on the merits under the "amendment" standard that Cox urges above.

Cox's remaining claims rest on his assertion that his trial lawyer was ineffective by failing to correctly advise him, prior to trial, about matters such as his sentence exposure.[4] Doc. 1 at 10-11. He first

---

[4] Each of Cox's claims involve ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, the movant must show that "no competent counsel would have taken the action that his counsel did take." *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir.2008) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir.2000) (en banc)).

Under the prejudice prong, the movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence

contends that counsel told him his maximum sentence exposure was 10 years if he was convicted at trial, while the government's plea offer amounted to 10 years too. Cox says he later learned that counsel erred, and that the plea offer exposed him to at most 5 years, which Cox insists he would have taken. Doc. 1 at 10-12.

As the government explains, however, Cox is relying on an *erroneous* penalty certification filed *by the government* and *repeated* in the PSI. Doc. 3 at 9. Thus, defense counsel did not err since the penalty statute, 18 U.S.C. § 944(a)(2), specifies *ten* years, not five, as Cox's maximum sentence exposure. And whether Cox pled guilty to count one (the plea offer) or was convicted (which is what happened) of counts one and two, USSG §2K2.1(4) would have fetched him a base offense level of 20 and thus exposed him to a 10 year statutory maximum sentence in any event. *See also* PSI at 7. Hence, his claim that defense counsel was deficient for advising him that he faced 10 years of exposure via plea or

---

in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir.1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir.1983); *Willis v. United States*, 2009 WL 1765771 at * 1- 2 (S.D.Ga. June 22, 2009) (unpublished). The court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697.

trial fails since he cannot show prejudice. See doc. 1 at 14-18; see also id. at 15-18.

Finally, Cox complains that unresolved state drug charges pended against him when he was sentenced in this case. Doc. 1 at 18-21. He faults defense counsel for not ensuring that he receive credit for time served in the state penal system. Id. He does not dispute, however, the government's showing that in fact he has received such credit, thus mooting this issue. Doc. 3 at 13.

For all of the above stated reasons, Cox's § 2255 motion therefore should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 30th day of July, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**