# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JAMES MARVIN COX, III, )
 )
    Movant, )
 )
v. ) Case No. CV407-143
 ) [CR405-009]
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## REPORT AND RECOMMENDATION

Following his 2005 conviction for gun and drug offenses, James Marvin Cox unsuccessfully appealed, *United States v. Cox*, 188 F. App'x 889 (11th Cir. 2006), then moved this Court for 28 U.S.C. § 2255 relief. Doc. 1.[1] He raised a Sentencing Guidelines issue that the parties briefed. Docs. 9-11. The Court resolved it against Cox in a Report and Recommendation (R&R). Doc. 12, *reported at* 2009 WL 7102820 (advising that his § 2255 motion be denied). Noting that the Eleventh Circuit law on which R&R relied changed after the R&R was issued, the district judge adopted the R&R except for the "Sentencing Guidelines Issue" section, then re-referred the R&R with instructions. Doc. 15, *reported at* 2010 WL 4553445.

---

[1] Unless otherwise noted, all citations are to the CV407-143, "§ 2255" record.

## I. BACKGROUND

Cox was indicted for aiding and abetting another in the making of false statements to purchase a firearm, in violation of 18 U.S.C. § 922(a)(6) (Count 1), and for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 2). CR405-009, doc. 1. A jury convicted him on both counts, and his conviction was affirmed on appeal. *Cox*, 188 F. App'x at 889.

The Sentencing Guideline issue traces back to the pretrial phase of this case, when the government advised the Court that it planned to introduce at trial -- in addition to the firearm -- drug-trade evidence found in Cox's bedroom. It wanted to show that Cox possessed the firearm underlying the indictment not as the result of a mistake or accident, but as a drug dealer who wanted it for protection. *Id.* at 890. Alternatively, it argued that the evidence was "inextricably intertwined" with Cox's gun possession. *Id.* at 891. It did this to support a sentence enhancement for possession of a firearm "in connection with another felony offense."[2] That is, "at the time of Cox's arrest for possession of

---

[2] That showing is necessary to increase the sentence for those who use a firearm while engaged in a drug felony. Applied successfully, it can support a four-level increase to a defendant's U.S. Sentencing Guidelines "base offense" level, and it may

2

be added to his sentence even if he is not charged or convicted for the other (drug) felony. *United States v. Nicoll*, 2010 WL 4008721 at * 4 (11th Cir. Oct. 14, 2010). "In connection with" requires a "proximity" showing. Analyzing U.S.S.G. § 2K2.1(b)(6), the *Nicoll* court said that § 2K2.1(b)(6)'s commentary, n.14(C), "specifically notes that the enhancement should apply 'in the case of a drug trafficking offense in which a firearm is found *in close proximity to* drugs, drug-manufacturing materials, or drug paraphernalia.' *Id*. at (n. 14(B))." *Nicoll*, 2010 WL 4008721 at * 4 (emphasis added). The court noted the November 1, 2006 amendment to U.S.S.G. § 2K2.1(b)(6), which clarified

> that "[s]ubsection (b)(6) appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense...." *Id*. at (n. 14(A)); U.S.S.G., App. C, amend. 691 (emphasis added). Before this amendment to the guidelines commentary, the phrase "in connection with," as used in § 2K2.1(b)(6), was not defined by the Sentencing Guidelines, and we held that the phrase should be expansively interpreted according to its ordinary meaning. Thus, according to its ordinary meaning, the phrase "in connection with" does not require proof that the firearm actually facilitated the other felony offense. *Id*.

*Id*. (cite omitted). The 2006 application note thus supplied that missing definition. U.S.S.G. § 2K2.1(b)(6) now defines "in connection with" to include situations "in which a firearm is found in *close proximity* to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1 application n. 14 (emphasis added). How close? Anywhere in the same house, or even across the street, according to the *Nicoll* court. *See Nicoll*, 2010 WL 4008721 at * 4 (citing pre-amendment cases where the gun was located as far as outside of a home, in a car -- so long as it was retrievable by the defendant); *id*. ("[t]he evidence showed that Nicoll admitted to possessing the sawed-off shotgun in the same residence where the marijuana plants were being grown. Nicoll's possession of the illegal shotgun in close proximity to the marijuana is sufficient to satisfy the "in connection with" requirement of § 2K2.1(b)(6)."). Meanwhile, the 2006 Amendment represented

> *no* substantive change in the Guidelines between 2005 and 2008. The commission history explained that the application note added in 2006 was merely codifying language from *Smith v. United States*, 508 U.S. 223, 113 S. Ct. 2050, 124 L. Ed. 2d 138 (1993). *Smith* defined the use of "in relation to" in 18 U.S.C. § 924(c)(1), which provides a sentencing enhancement when firearms are used in relation to drug trafficking crimes; the Sentencing Committee adopted this definition for § 2K2.1(b)(6) because a consensus of circuits had already analogized the two.

*United States v. Jones,* 370 F. App'x 577, 580 (6th Cir. 2010) (emphasis added).

3

marijuana with intent to distribute on January 7, 2005, the firearm he purchased was hidden in the attic of his home. [He thus] possessed the firearm in connection with the marijuana." Presentence Investigation Report ("PSI") Addendum at 1; *see also* U.S.S.G. § 2K2.1(b)(5) (Nov. 2005).

The district judge ruled that the evidence was admissible at trial because it was relevant to support the government's theory that Cox obtained the gun for his own protection, particularly in light of the amount of cash that was found in his bedroom. *Cox*, 188 F. App'x at 889. The probative value of the evidence, he ruled, substantially outweighed any danger of unfair prejudice. *Id.* at 891.

At trial, a police witness testified about finding, *inter alia*, $6,225 in cash and 55 grams of marijuana in Cox's bedroom. *Id.* Other evidence showed that Cox hid the gun in the attic of his parents' home, and that Cox attempted to persuade his co-defendant, Yancey, to remove it. *Id.* at 891-92. Thus, the drugs were in his bedroom, but his gun was in the attic. Following the jury's guilty verdict, Cox proceeded to sentencing. The PSI did not recommend the enhancement the government sought, and the government objected. Cox, the government argued, possessed

the firearm in connection with another felony offense (drug trafficking). CR405-009, doc. 68 at 4-5 (arguing that the court need look only to "whether or not the firearm was acquired in connection to the offense of drug trafficking."); *see also id.* at 7 ("the evidence that is before Your Honor is that he was engaged in drug trafficking, and that he wanted the weapon for protection").

Cox insisted that there was no evidence that he used the gun in connection with another felony, or that the gun was ever in the same room with the drugs. *Id.* at 9. Thus, he claimed, there was an insufficient factual basis for the sentencing judge to find that he possessed the gun in connection with another felony offense (i.e., his possession of marijuana with intent to distribute). *Id.* at 9-10. The Probation officer opposed enhancement because "we could not show . . . by a preponderance of the evidence that the drugs were in the residence at the same time [as] the firearm, because we didn't know where the firearm was." *Id.* at 20; *see also id.* at 25 (defense arguing that "[t]he nexus is too thin. And the consequences are very significant").

Calling the issue a close question, *id.* at 17, the sentencing judge found by a preponderance of the evidence that Cox purchased the gun to

protect himself while dealing drugs, and that the gun and marijuana were thus present in his parents' house at the same time because he told his mother to dispose of the gun at a time when the drugs, paraphernalia, and cash were under his bed. *Id.* at 61; *Cox*, 188 F. App'x at 893. Accordingly, the judge applied the 4-level enhancement under U.S.S.G. § 2K2.1(b)(5) (now § 2K2.1(b)(6)). With an adjusted offense level of 26 and a criminal history category IV, the Guidelines sentencing range was 92 to 115 months' imprisonment. After he acknowledged that the sentencing guidelines were advisory, the judge sentenced Cox to 60 months' imprisonment as to Count 1 and 95 months as to Count 2, to be served concurrently. *Cox*, 188 F. App'x at 893; CR405-009, doc. 53.

Affirming, the appeals court concluded that

> the district court did not clearly err by finding that Cox committed another felony offense for which he was not charged, namely possession of marijuana with the intent to distribute it. Cox kept marijuana, a digital scale, baggies, and more than $6,000 in cash in his bedroom, and his codefendant, Yancey, testified that Cox provided him with marijuana. Moreover, Cox's girlfriend and his best friend both testified that Cox did not use marijuana, thus undermining his claim that the marijuana was for personal use. Finally, due to the close connection between drugs and firearms, the district court properly could have concluded that Cox's possession of the gun *in the house* in which he also possessed the marijuana was not a mere coincidence that was

> unrelated to the underlying felony, but, rather, that he possessed the firearm *in relation to* his drug possession. Accordingly, the court did not clearly err in its factual findings relating to the gun and drug evidence, nor did the court commit legal error in applying the offense level enhancement under § 2K2.1(b)(5) [now § 2K2.1(b)(6)].

*Id.* at 895 (emphasis added). Thus, even though Cox hid the gun *outside* his bedroom, up in the attic, it qualified for its use "in connection" with the drug offense.

## II. ANALYSIS

In his § 2255 motion Cox challenged the application of the four-level sentence enhancement for possession of a firearm in connection with another felony offense (his possession of marijuana with intent to distribute). Doc. 1 at 15-23. Thus, he sought to re-litigate the same issue reached on the merits by the trial and appellate courts. He argued that the clarifying (2006) Sentencing Guidelines amendment enacted subsequent to his direct appeal required this Court to reconsider his sentence. *Id.* The sentencing judge, he insisted, interpreted the phrase "in connection with" too broadly to embrace his situation, where the firearm was allegedly hidden in his home's attic while he possessed it.

At the time of Cox's sentencing (August 22, 2005), the "in connection with" interpretation was well established in the Eleventh Circuit but conflicted with the interpretation applied by other circuits requiring "more than mere use or possession," and that the firearm in fact serve a purpose *related* to the crime. Doc. 6 at 2 (citing *United States v. Young*, 115 F.3d 834, 838 (11th Cir. 1997)).

Previously this Court noted the 2006 amendment (under Amendment 691) changed § 2K2.1(b)(5) to § 2K2.1(b)(6)), as now found in U.S.S.G. § 2K2.1 ("Application Notes") n. 14(A) (2010). That was, this Court concluded, "substantively different from merely showing that the defendant 'possessed the firearm *in relation to* his drug possession.' *Cox*, 188 F. App'x at 895 (emphasis added)." Doc. 12 at 7-8. Super-illuminating that, Cox argued that he was entitled to relief because the sentencing judge and the Eleventh Circuit applied an interpretation of the enhancement that had since been explicitly rejected by the Guidelines commentary. Even were that so, this Court concluded, he cannot use § 2255 to seek a modification of his sentence because the misapplication of a sentencing guideline at most is a "nonconstitutional claim." Doc. 12 at 8.

Cox thus had to first show that a complete miscarriage of justice would result if his sentence were not re-assessed in light of the amendment. *Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998) ("We . . . hold that a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice"); doc. 6 at 4-5. The government insisted that Cox could not meet that showing because cases like *United States v. Young*, 261 F. App'x 237 (11th Cir. 2008), which applied the then newly amended § 2K2.1(b)(6)), demonstrated that there had been no substantive change in the law applicable here (i.e., it is still applied loosely enough to encompass conduct like Cox's). Doc. 9 at 5-7. In two response briefs Cox contended otherwise. *See* doc. 10 at 2 at 2; doc. 11 at 1-2 ("This error resulted in [Cox] being imprisoned for conduct that is outside the scope of former 2K2.1(b)(5). Without the firearm enhancement, [Cox's] maximum sentencing range was 78 months; the sentencing judge conceded that the firearm enhancement was a close question, and so if the same judge reconsidered in light of the amendment "he would reassess his close call on the enhancement and

rightfully correct [Cox's] sentence." The judge likely would resentence him "at a level 22 guideline range (63 to 78 months) . . . [and] would also sentence [Cox] at the low end of the guideline range.").

Those points, this Court concluded, would amount to no relief if the Sentencing Guidelines' clarifying amendment 691 was not meant to be retroactive (i.e., if it could not otherwise be heard because it is not retroactive, then by definition no miscarriage of justice can now be shown).[3] Examining *United States v. Smith*, 2009 WL 1585903 at * 7 (N.D. Fla. June 4, 2009) (other, analogous guidelines clarifying amendments were not retroactive), the Court concluded that it was not. Doc. 12 at 11. Therefore, Cox could not meet *Burke's* "complete miscarriage of justice" standard. And, since the Eleventh Circuit reached this claim on the merits on appeal, unpacking and recasting it by arguing "factual innocence" (i.e., "there was no evidence or testimony that the firearm was possessed at the site of a drug trafficking offense in order to facilitate or potentially facilitate that offense," doc.

---

[3] This was error. *Burke* stated that, even if a clarifying amendment was retroactive, that would still not be enough to support § 2255 relief: "We . . . hold that a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." *Burke*, 152 F.3d at 1332.

10 at 15-16), would not suffice, as that was just another way of getting the Court to reach the claim on the merits under the "amendment" standard that Cox had urged. Doc. 12 at 12.

After resolving Cox's remaining claims against him, doc. 12 at 12-14, the R&R thus advised that his § 2255 motion should be denied. *Id.* at 14. As noted earlier, the district judge adopted all but the Sentencing Guideline portion of that R&R, 2010 WL 4553445 at * 1. Citing recent Eleventh Circuit law, he "conclude[d] that Amendment 691 is clarifying, not substantive. As a result, the application of the amendment to Petitioner's sentence is a claim cognizable in his habeas petition." *Id.* at * 2; *but see supra* n. 3. But this did "not mean that [Cox] is automatically entitled to relief. Rather, [he] may only receive relief if a complete miscarriage of justice would occur absent him being resentenced. *See Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998)." *Id.* Hence, "[t]his case is again REFERRED to the Magistrate Judge for a determination of whether Petitioner is entitled to resentencing under Amendment 691." *Id.* at *1.

The Court therefore must determine whether "a complete miscarriage of justice would occur absent [Cox] being resentenced."

That issue is first resolved by asking whether Cox's conviction suffers from a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346-47 (1974). That is, whether the "defendant stands convicted of 'an act that the law does not make criminal.'" *Bousley v. United States*, 523 U.S. 614, 620 (1998) (quoting *Davis*, 417 U.S. at 346). Cox's conviction suffers no such defect. The amendment effected no material change in interpretation and application of the guidelines here. *See supra* n. 2. It thus cannot be said to have rendered Cox's conduct no longer unlawful.

Note, for that matter, that Cox in effect argues only that the new language means closer proximity is required than what the government showed under the earlier version, so he is "innocent" because his gun was in the home's attic and not in his bedroom with his drugs (i.e., it was simply not in close proximity). But the *Nicoll* court freely applied pre-2006 amendment cases to hold, under the 2006-amended version of § 2K2.1(b)(6), that merely keeping a shotgun in the same house or even in a car across the street supported enhancement under § 2K2.1(b)(6). *Nicoll*, 2010 WL 4008721 at * 5. The issue is retrievability, not spatiality. Cox thus cannot support the fundamental miscarriage of

justice exception to § 2255's exclusion of relief based on non-constitutional claims.

Furthermore, *Burke* has not been overruled, and it directly held "that a claim that the sentence imposed is contrary to a post-sentencing *clarifying* amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." *Burke*, 152 F.3d at 1332.[4] All Cox has argued here is that Amendment 691 was a clarifying amendment for § 2K2.1(b)(6), and that it means something beneficial to him. Whatever the correct interpretation, it still remains a clarifying amendment and thus does *not* provide a basis for § 2255 relief.

## III. CONCLUSION

James Marvin Cox's 28 U.S.C. § 2255 motion should therefore be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.

---

[4] There is some discussion in *United States v. Mills*, 613 F.3d 1070 (11th Cir. 2010), cited by the district judge, 2010 WL 4553445 at * 1, about applying clarifying Guidelines Amendments retroactively. 613 F.3d at 1072 n. 2. But the focus there was whether courts can do so under 18 U.S.C. § 3582(c)(2) sentence-reduction motions, *not* 28 U.S.C. § 2255 motions. Thus, *Mills*, which understandably made no mention of *Burke*, is not controlling here.

9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  14th   day of February, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA